UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WEBSTER LEE,

    Petitioner,

v.

ROBERT NEUSCHMID,

    Respondent.

No. 2:18-cv-03039 MCE GGH P

FINDINGS AND RECOMMENDATIONS

*Introduction and Summary*

    Petitioner, proceeding in pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the court, is respondent's motion to dismiss. ECF No. 9. Petitioner has filed an opposition, and respondent a reply. ECF Nos. 15, 16. Petitioner concedes that absent statutorily tolling and his bare bones request for equitable tolling, his petition is untimely. After thorough review of the filing facts in this case, the undersigned recommends that this petition be denied.

*Background*

    Petitioner was convicted on June 4, 2015 of numerous violent felonies, including attempted murder and attempted voluntary manslaughter. ECF No. 11-1. With the exception of a

1

corrected abstract of judgment, his conviction was affirmed on appeal to the California Court of Appeal, Third Appellate District ("Court of Appeal") on July 19, 2016. ECF No. 11-2. The petition for review with the California Supreme Court was likewise denied on October 26, 2016, ECF No. 11-4. Under well-established case law[1],without a filing of request for certiorari with the United States Supreme Court (as is the situation here), petitioner's state case was final 90 days later on January 24, 2017. The federal petition was therefore due on January 24, 2018, unless there were periods of tolling occasioned by the filing of state habeas petitions.

Petitioner disputes the nature of some of his state filings as set forth by respondent. After review of the lodged record in this case, the undersigned finds the following:

1. Petitioner's first Sacramento County Superior Court petition was filed on March 29, 2017 (mailbox rule)[2]; this petition was denied on May 25, 2017. ECF Nos. 11-5; 11-6.
2. For some unexplained reason, petitioner filed his Court of Appeal petition concurrently with his Sacramento County Superior Court petition; the state appellate petition was filed on March 29, 2017, and was denied on April 20, 2017. ECF Nos. 11-7; 11-8.
3. The first California Supreme Court petition was filed on either June 25, 2017 (date of the proof of service) or July 10, 2017 (signature date on petition).[3] See ECF No. 11-9. This petition was denied on September 20, 2017. ECF 11-10; see also ECF No. 17 at 3.
4. A second round of state petition filing ensued thereafter. On December 21, 2017, petitioner filed a petition with the Sacramento County Superior Court. ECF No. 11-11. On March 15, 2018, this petition was denied on the grounds that it was **successive and untimely.** ECF No. 11-12. **The petition was also alternatively denied on the merits**. Id.

////

////

---

[1] See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).
[2] Unless otherwise explained, the date of filing will be the date petitioner signed the proof of service, or unless no proof of service is available, the date petitioner signed the petition.
[3] As noted by respondent, the precise date of filing here is of no consequence because, as explained later, all periods of time from the filing of the first state habeas petition to the date of denial by the state supreme court of its petition are all tolled in any event.

2

5. Skipping the Court of Appeal, petitioner filed in the California Supreme Court on March 28, 2018. ECF No. 11-13. The petition was denied as a **successive** petition on September 19, 2018. ECF 11-14.

6. While the California Supreme Court petition was pending, on June 19, 2018 petitioner went back to Sacramento County Superior Court raising a "newly discovered" sentencing issue. ECF No. 11-15. This petition was denied on July 19, 2018 as **successive and untimely.** ECF No. 11-16. **The petition was also alternatively denied on the merits**. Id.

7. This federal action was filed on November 14, 2018. ECF No. 1. Petitioner will not be credited with filing the petition on November 13, 2018, the date the proof of service was signed, because the petition was not signed until November 14th. See ECF No. 1 at 28. Obviously, an unsigned petition could not have been placed in the prison mail system on November 13th.

*Discussion*

The undersigned will analyze the tolling issue to see if the 365 days in which petitioner could file had expired during the period prior to the filing of the instant federal petition. That is, if, after the conviction became final, and there was no applicable tolling for a period of time, e.g., 10 days, that 10 days will be subtracted from the 365.

Petitioner is not entitled to tolling from the finality of the conviction to the filing of the first state habeas petition. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Thus, the period of 64 days, from January 24, 2017 to the filing of the first state habeas petition, March 29, 2017, is counted against the 365 days—leaving **301** days remaining in the AEDPA period.

No one contests that petitioner was entitled to statutory tolling during the entire course of the first round of state habeas petitions. Therefore, the time between March 27, 2017 and September 20, 2017 was tolled. Three hundred and one (301) days of the limitations remained. The second round of state habeas petitions commenced December 21, 2017. It is well established that no "gap" tolling is applicable between a first and second round of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003). As briefed by respondent, "[t]e Ninth

Circuit has held that a petitioner begins a separate round of review 'each time [he] files a new habeas petition at the same or a lower level' of the state court system." ECF No. 9 at 7 (citing Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003). The interval between rounds of state petitions accumulated to 92 days. This period is added to the time expired for a total of 156 days. Therefore **209** days of the AEDPA one-year period remained as of December 21, 2017.

As set forth above, the Sacramento County Superior Court petition commencing the second round of tolling was denied on both successive and untimely grounds. ECF No. 11-12. Such a petition is therefore "not properly filed," and cannot be counted in the tolling analysis. Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (citing Bonner v. Carey, 425 F.3d 1145, 1149 (9th. Cir. 2005); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)).[4] Thus, the period between December 21, 2017 and the filing of the next petition filed in the California Supreme Court on March 28, 2018, counts against petitioner. Petitioner used up 98 more days of his one-year filing limitation bringing the total excluded up to 254 days—leaving **111** days in the one-year limitations period.

The petition filed in the California Supreme Court on March 28, 2018 was denied as successive on September 19, 2018. ECF Nos. 11-3; 11-4. A successive petition in California is not "properly filed" for AEDPA tolling purposes. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010); Hughes v. Paramo, No. CV 17-154 FMO (PJW), 2018 WL 3238585, at *5 n.4 (C.D. Cal. June 28, 2018), report and recommendation adopted, No. CV 17-154-FMO (PJW), 2018 WL 3218096 (C.D. Cal. June 29, 2018); Ramirez v. Chavez, No. 1:13-cv-00601-JLT, 2013 WL 5569971, at *4 (E.D. Cal. Oct. 9, 2013). See also ECF No. 16 at 5 (citing Garmon v. Foulk, No. CV 14-0125 JCG, 2015 WL 1457629, at *2-3 (C.D. Cal. Mar. 30, 2015) (Observing that if successive petitions tolled the AEDPA limitations period, the limitations period could be tolled forever by the filing of successive petitions).

Petitioner's primary argument here is that successive petitions are properly filed, while untimely petitions are not. Petitioner cites Taylor v. Pfeiffer, No. 1:17-cv-01699-LJO-SAB-HC,

---

[4] Petitioner attempts an argument that since this petition was denied on both untimeliness and successive grounds, it was a successive petition entitled to statutory tolling. Petitioner's argument regarding successive petitions is erroneous, and in any event, petitioner cannot dismiss the untimeliness aspect of the Sacramento County Superior Court's ruling by sleight of hand.

4

2018 WL 3062164 (E.D. Cal. June 19, 2018), for this proposition. ECF No. 15 at 7-9. However, the magistrate judge's opinion in Taylor was not adopted by the district judge and therefore does not stand as citable authority. See Taylor v. Pfeiffer, No. 1:17-cv-01699-LJO-SAB-HC, 2018 WL 4057473 (E.D. Cal. Aug. 23, 2018). Petitioner's point was made in Rogers v. Swarthout, No. C-14-3087 EMC (pr), 2015 WL 493842 (N.D. Cal. Feb. 4, 2015), a case claiming that successive petitions are properly filed. However, the Rogers court based this conclusion on a Supreme Court case (Artuz v. Bennett, 531 U.S. 4 (2000)), analyzing the Massachusetts habeas filing policies, and it asserted the Ninth Circuit decision in Porter referencing successive petitions as not properly filed was dicta. The undersigned disagrees that Porter can be disregarded, dicta or not. Moreover, not only are California filing policies at issue here and not those of Massachusetts, but also, Rogers contains little consistency in principle—if untimely petitions are not properly filed, it is difficult to see why successive petitions fare any better under tolling rules. As noted by Hughes, Rogers is not even followed in its own district. The undersigned follows the majority of cases in the Ninth Circuit holding that successive petitions are not properly filed.

Instead of finally filing in federal court, petitioner went once more to the Sacramento County Superior Court on June 19, 2018, even before his state supreme court petition had been ruled upon. The Sacramento County Superior Court denied the petition on July 19, 2018, again finding that the petition was successive and untimely. This petition counts for nothing in the tolling analysis, as it was not properly filed.[5]

---

[5] Petitioner also contends that this last superior court petition (the sixth petition) was actually a "motion for reconsideration" of a previous Superior Court petition (possibly the fourth petition) or even his first state supreme court petition. Such is not clear from the supposed documents submitted as attachments to the opposition. Not only is the sixth petition on a different subject than the fourth, and hence the appellation "reconsideration" is not apt, as respondent points out, motions for reconsideration of habeas denials are not countenanced pursuant to California law. *Cf*. Jackson v. Superior Court, 189 Cal App 4th 1051 (2010), distinguishing petitioner's position from that of the state which may appeal the *granting* of a petition, and hence may seek a reconsideration of a superior court decision prior to the filing of, or expiration of time to file, an appeal. Review of claims in a habeas corpus petition that was *denied* by the superior court cannot be had by the filing of a motion for reconsideration in that court: "[A] prisoner whose petition has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal." In re Clark, 5 Cal.4th 750, 767, fn. 7 (1993). This is so because an order *denying* a petition is *immediately final*,

5

Therefore, continuing the above stated calculation, because none of the last two petitions counted for tolling purposes, petitioner had 111 days to file in federal court from March 28, 2018. This time period expired on **July 17, 2018** long before the November 14, 2018 federal filing.

Petitioner finally concludes that he is entitled to equitable tolling because he was diligent in his prosecution of his state habeas petitions. While diligence is a prerequisite for equitable tolling, it is not itself an "extraordinary circumstance" beyond petitioner's control which is the necessary substance of an equitable tolling filing. Lawrence v. Florida, 549 U.S. 327, 336 (2007). On the contrary, petitioner sets forth no extraordinary circumstance; indeed, his repeated filings in state court were of his own doing. Accordingly, petitioner is not entitled to equitable tolling.

*Conclusion*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be GRANTED;

2. The federal petition be dismissed as untimely; and

---

[Continued…] and review lies only with the filing of a new petition. Jackson, supra at 1064, n.5. "The loss of jurisdiction for purposes of reconsideration of the ruling would occur when the order became final and binding [at the time of decision of denial of a petition], or when the People filed a notice of appeal from the order." Jackson at 1067. Thus, no matter what state court habeas decision upon which petitioner was assertedly seeking reconsideration, no reconsideration motion was properly filed.

To find otherwise would allow a never-ending tolling process by the mere expedient of seeking reconsideration of a previous state habeas denial—no matter how many months or other decisions had passed in the interim. If a petitioner has new claims, or new evidence on old claims, he must file a new state petition and seek an exception to the successive petition rule. Moreover, to the extent that the ineffectual reconsideration motion was directed at the fourth or fifth state habeas decision, those decisions did not count for tolling purposes; thus any "reconsideration" motion cannot fare any better. This holds true no matter how one interprets petitioner's exhibits which he attached to the opposition, which as respondent points out, are problematic.

3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 8, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE